# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-2V
Filed: October 18, 2024

|  |  |
|---|---|
| MARILYN DATTE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 10, 2023, petitioner moved for an award of interim attorneys' fees and costs in the amount of $298,808.65, including $252,909.35 in attorneys' fees and $45,899.30 in costs. (ECF No. 139, p. 34.) Respondent did not file any response. For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $277,209.30.

### I. Procedural History

On January 2, 2018, petitioner filed this claim, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that as a result of her January 15, 2015 pneumococcal conjugate (Prevnar 13) vaccination she suffered Guillain Barré Syndrome ("GBS"). (ECF No. 1.) The case was originally assigned to

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Special Master Moran and subsequently reassigned to the undersigned in August of 2019. (ECF Nos. 4, 42.)

Petitioner filed her medical records in January and February of 2018 (ECF Nos. 5-10, 18), and respondent filed his Rule 4 Report recommending against compensation in November of 2018 (ECF No. 30). Petitioner filed an expert report by neuroimmunologist Lawrence Steinman, M.D., in April of 2019. (ECF Nos. 36-38.) Respondent filed responsive reports by neurologist Vinay Chaudry, M.D., and immunologist Robert Fujinami, Ph.D., in October of 2019. (ECF Nos. 45-46.) Based on my review of Dr. Chaudry's report, I advised the parties in November of 2019 that the primary issue in the case was likely general, rather than specific, causation. (ECF No. 47.) Petitioner subsequently filed a responsive report by Dr. Steinman in September of 2020 (ECF Nos. 63-65), and respondent responded in December of 2020 with reports by Drs. Chaudhry and Fujinami (ECF Nos. 68-69). After a further round of reports by Drs. Steinman and Fujinami (ECF Nos. 72, 78), I set an entitlement hearing, which was ultimately held in April of 2023 (ECF Nos. 128-30). In the lead up to the hearing, the parties continued to file medical records and expert materials. After the parties filed post-hearing briefs, petitioner filed the instant motion.

## II.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera*, 515 F.3d at 1352. In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id.* In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

In sum, awards of interim fees and costs are discretionary and are intended to avoid undue hardship. Here, petitioner stresses the length of time this case has been pending, the amount of fees and costs that have been incurred, and the uncertain time until resolution, as favoring an interim award. (ECF No. 139, pp. 1-2.) As noted above, respondent filed no response. Considering all of this, I exercise my discretion to allow an interim award at this time.

### III.  Reasonableness of the Requested Award

#### a.  Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation marks omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19-21 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. den'd*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and later years can be accessed online.[2]

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing the overall fee award by 10% due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing the overall fee award for Domengeaux Wright and the Andry Law Group by 20% and 40%, respectively, due to excessive and duplicative billing), *mot. for rev. den'd*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee

---

[2] Each of the Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017 and later are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 209 (2009).

Here, counsel's requested hourly rates are reasonable and consistent with what has been awarded in prior cases. However, I am concerned that the total amount requested for attorneys' fees is high relative to other similar cases. Cases alleging that the Prevnar vaccine caused GBS represent a distinct subset of cases in this program, given that they have over the last several years come to be extensively litigated, though often repeating the same theories of causation. At this point, several prior Prevnar/GBS cases that were filed around the same time as this case have entirely resolved and the successful petitioners in those cases were awarded substantially lower attorneys' fees and costs. *Koller v. Sec'y of Health & Human Servs.*, No. 16-439V, 2023 WL 3059082 (Fed. Cl. Spec. Mstr. Apr. 24, 2023) (awarding $122,111.26 in final fees to Maximillian J. Muller at Muller Brazil, LLP, following an entitlement hearing); *Pierson v. Sec'y of Health & Human Servs.*, No. 17-1139V, 2023 WL 3167647 (Fed. Cl. Spec. Mstr. May 1, 2023) (awarding $129,799.55 in final fees to Jeffrey Pop at Jeffrey S. Pop & Associates following an entitlement hearing); *Maloney v. Sec'y of Health & Human Servs.*, No. 19-1713V, 2023 WL 3713697 (Fed. Cl. Spec. Mstr. May 30, 2023) (awarding $153,783.82 in final fees to Jeffrey Pop at Jeffrey S. Pop & Associates, where no entitlement hearing was held); *Gross v. Sec'y of Health & Human Servs.*, No. 17-1075V, 2024 WL 2738646 (Fed. Cl. Spec. Mstr. Apr. 30, 2024) (awarding $213,240.57 in final fees to Lawrence R. Cohan at Saltz Mongeluzzi & Bendesky, following an entitlement hearing); *Anderson v. Sec'y of Health & Human Servs.*, No. 18-484V, 2024 WL 4010530 (Fed. Cl. Spec. Mstr. Aug. 5, 2024) (awarding $205,702.29 in final fees, representing an award of $168,923.29 to Kathleen Loucks at Lommen Abdo Law Firm and $36,779.00 to Maglio Christoper & Toale, following an entitlement hearing). Although this case clearly has not resolved on the same overall timeframe, I do not see where this is due to any complications unique to this case. In fact, as noted above, I explained to the parties as of November of 2019 that this case did not appear to be factually complicated. (ECF No. 47.)

The biggest driver of inefficiency in this case appears to be the involvement of Mr. Gerstmann. It has previously been noted that the involvement of multiple attorneys in vaccine cases, which are not procedurally complex, is often unnecessary and at best results in inefficient practice. *See, e.g.*, *Grossman v. Sec'y of Health & Human Servs.*, No. 18-13V, 2024 WL 706874, at *2 (Fed. Cl. Spec. Mstr. Jan. 26, 2024); *Lang v. Sec'y of Health & Human Servs.*, No. 17-995V, 2024 WL 706875, at *2 (Fed. Cl. Spec. Mstr. Jan. 25, 2024). Based on my review of the billing records in this particular case, I cannot conclude that Mr. Gerstmann's involvement in this case was reasonable. Mr. Gerstmann's primary role in the case appears to have been researching and strategizing. (ECF No. 139-7.) However, his billing entries indicate that he was billing the program to learn about prior cases and concepts with which Mr. Krakow was necessarily already familiar. For example, in late March of 2023, Mr. Gerstman billed 3.2 hours for simply reading the pre-hearing brief that Mr. Krakow had already filed. (*Id.* at 1-2.) He then billed additional time reviewing prior Prevnar/GBS cases that Mr. Krakow had already discussed in the pre-hearing brief. (*Id.* at 2.) This was purportedly

to analyze potential issues for a pre-hearing reply; however, Mr. Krakow's billing records confirmed that it was he, not Mr. Gerstmann, who prepared the pre-hearing reply brief. This same pattern repeated itself in post-hearing briefing. (*Id.* at 3.) Mr. Gerstmann's remaining hours on the case were devoted to strategizing for and attending the two-day entitlement hearing, though he did not actually participate in the questioning of any witness. Because I do not find Mr. Gerstmann's participation to have been reasonable, I reduce the requested fees by $21,599.35, which is the full amount he has billed in this case. (ECF No. 139-2, pp. 74-75.)

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Upon my review, the requested costs are reasonable and adequately documented.

### IV. Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.** Petitioner is awarded $277,209.30, representing $231,310.00 in interim attorneys' fees and $45,899.30 in interim attorneys' costs.

**Accordingly, I award a lump sum of $277,209.30 in the form of a check payable to petitioner and her counsel, Robert Krakow, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.