# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-2V
Filed: December 15, 2025

| | |
|---|---|
| MARILYN DATTE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

On January 2, 2018, petitioner, Marilyn Datte, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as a result of a pneumococcal conjugate (Prevnar 13) vaccine she received on January 15, 2015. (*Id.*)

On May 9, 2025, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS caused-in-fact by the Prevnar 13 vaccination. (ECF No. 144.) On December 12, 2025, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $190,000.00. (ECF No. 162.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*) Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $190,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARILYN DATTE,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 18-02V<br>Special Master Horner<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On January 2, 2018, Marilyn Datte ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Act"). She alleged that she sustained Guillain-Barré Syndrome as a result of a pneumococcal conjugate vaccine administered on January 15, 2015. *See* Petition. On November 19, 2018, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) Report, recommending that entitlement to compensation be denied. ECF No. 30. On May 9, 2025, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[2] ECF No. 144.

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $190,000.00, which represents all elements of compensation to which petitioner would be

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's May 9, 2025 entitlement decision.

entitled under 42 U.S.C. § 300aa-15(a).   Petitioner agrees.

II.   **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$190,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Marilyn Datte.
>
> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

                                                    Respectfully submitted,

                                                    BRETT A. SHUMATE
                                                    Assistant Attorney General

                                                    C. SALVATORE D'ALESSIO
                                                    Director
                                                    Torts Branch, Civil Division

                                                    HEATHER L. PEARLMAN
                                                    Deputy Director
                                                    Torts Branch, Civil Division

                                                    LARA ENGLUND
                                                    Assistant Director
                                                    Torts Branch, Civil Division

                                                    /s Jennifer L. Reynaud
                                                    JENNIFER L. REYNAUD
                                                    Senior Trial Attorney
                                                    Torts Branch, Civil Division
                                                    U.S. Department of Justice
                                                    P.O. Box 146
                                                    Benjamin Franklin Station
                                                    Washington, D.C.  20044-0146
                                                    (202) 305-1586

Dated: December 12, 2025                   Jennifer.L.Reynaud@usdoj.gov

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.